AMIN TALATI WASSERMAN, LLP
William P. Cole, Bar No. 186772
Matthew R. Orr, Bar No. 211097
Richard L. Hyde, Bar No. 286023
515 South Flower St., 18th Floor
Los Angeles, CA 90071
Tel:   (213) 933-2330
Fax:   (312) 884-7352
william@amintalati.com
matt@amintalati.com

Attorney for Defendant Pharmaganics LLC
(erroneously sued as "Pharmagenics LLC")

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO IBARRA, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PHARMAGENICS LLC; DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**DEFENDANT PHARMAGANICS LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1332(d)** |

DEFENDANT PHARMAGANICS LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO
28 U.S.C. § 1332(d)

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Pharmaganics LLC (erroneously sued as "Pharmagenics LLC") ("Defendant"), hereby removes this action from the Superior Court for the State of California for the County of Orange to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1332(a) and (d), § 1453, § 1441, and § 1446. Defendant hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).

## STATEMENT OF THE CASE AND TIMELINESS OF REMOVAL

1.      On December 2, 2022, Plaintiff Pedro Ibarra ("Plaintiff") commenced an action against Defendant in the Superior Court of the State of California for the County of Orange, Case Number 30-2022-01294748-CU-CR-CXC, by filing a Complaint entitled "*Pedro Ibarra, individually and on behalf of all others similarly situated v. Pharmagenics LLC, and DOES 1 through 10, inclusive.*"

2.      According to the proof of service filed by Plaintiff (ECF No. 11), Defendant received a copy of the Complaint and Summons via service of process on December 15, 2022. Defendant did not receive service of the Complaint at any time prior to December 15, 2022. True and correct copies of the Complaint, Summons, and Civil Case Cover Sheet are attached respectively hereto as ibits 1- 3.

3.      In his Complaint, Plaintiff alleges that Defendant manufactures and sells Dr. Stephanie's Carb & Sugar Blocker (the "Product"), and that Defendant makes "false and misleading efficacy claims" to market and advertise the Product. (*See* Complaint ("Compl."), ¶¶ 1, 16.) Plaintiff seeks, among other things, to certify a putative class that purports to include "[a]ll persons who purchased the Product in California for personal use during the Class Period." (*Id.* ¶ 20.)

4.      The Complaint asserts cause of action against Defendant for supposed violations of California Business and Professions Code §§ 17200, et seq. (the Unfair Competition Law ("UCL")) and 17500, et seq. (the False Advertising Law ("FAL")), the

Consumers Legal Remedies Act, Cal Civ. Code § 1750, et seq. ("CLRA"), breach of express warranty, and breach of implied warranty.

5. On December 22, 2022, the state court issued an order declaring the case complex and scheduling a case management conference. A true and correct copy of that order is attached hereto as <u>Exhibit 4</u>.

6. This removal is timely as required by 28 U.S.C. § 1446(b), as it is brought within thirty (30) days of December 15, 2022.

## <u>SUBJECT MATTER JURISDICTION</u>

7. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332, 1441, and 1453. This Court specifically has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d)(2) and 1453(b), because it is a civil action styled as a class action in which: (1) the number of members of the proposed plaintiff class is not less than one hundred, in the aggregate; (2) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (3) any member of the class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B) and (d)(6).

## <u>PLAINTIFF'S CLASS IS STYLED AS A PUTATIVE CLASS ACTION</u><br><u>WITH A PROPOSED CLASS OF NOT LESS THAN 100 MEMBERS</u>

8. The Court has CAFA jurisdiction because this lawsuit is a putative class action, and the proposed class comprises more than 100 individuals. (Compl., ¶ 20.A.)

9. CAFA jurisdiction exists over any "class action" brought under any "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action.[.]" 28 U.S.C. § 1332(d)(1)(B). This case constitutes a "class action" for purposes of removal because Plaintiff styles her complaint as a "Class Action." (Compl. caption.) Plaintiff alleges that "[a] class action is superior to other available methods of adjudication because individual litigation of the claims of

DEFENDANT PHARMAGANICS LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO
28 U.S.C. § 1332(d)

all Class Members is impracticable and inefficient." (Compl. ¶ 20.E.) Thus, this action qualifies as a class action under CAFA.

10.     CAFA jurisdiction exists unless "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). CAFA defines class members as the persons, named or unnamed, who fall within the definition of the proposed or certified class in a class action. 28 U.S.C. § 1332(d)(1)(D). This requirement is met here because Plaintiff alleges that the purported class members number "in the thousands, if not more." (Compl. ¶ 20.A.) Thus, on the face of the pleadings there are more than 100 members in Plaintiff's proposed class.

### **THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION**

11.     "To meet CAFA's amount- in-controversy requirement," a defendant need only "plausibly show that it is reasonably possible that the potential liability exceeds $5 million." *Greene v. Harley Davidson*, 965 F.3d 767, 772 (9th Cir. 2020). "[T]he amount in controversy is the 'amount at stake in the underlying litigation.'" *Id*. (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)). "'Amount at stake' does not mean likely or probable liability; rather it refers to possible liability." *Id*. Among other items, "the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

12.     "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). Defenses that a defendant may assert are not considered in assessing the amount placed in controversy. *See Riggins v. Riggins*, 415 F.2d 1259, 1262 (9th Cir. 1969); *Lara v. Trimac Transp. Svcs. (W.) Inc.*, No. CV 10-4280-GHK (JCx), 2010 WL 3119366, *3 (C.D. Cal. Aug. 6, 2010).

13.     Defendant may assume a recovery rate of 100% in calculating the amount in controversy. *See, e.g.*, *Ritenour v. Carrington Mortgage Servs. LLC*, 228 F. Supp. 3d 1025, 1030 (C.D. Cal. 2017).

14.     Where the Complaint does not state the amount in controversy, the defendant's notice of removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *see also Greene*, 965 F.3d at 772. No antiremoval presumption attends cases invoking CAFA. *Greene*, 965 F.3d at 772.

15.     While Defendant contests any liability on Plaintiff's claims, Plaintiff's class claims place in controversy an amount more than $5,000,000. Plaintiff alleges that he and the putative class members (in a putative California-wide class), among other things, are entitled to recover from Defendant damages "in the amount of the Product's purchase price" and/or "restitution in the amount of the purchase price paid by the class members for the Product." (Compl. ¶ 50; *see also id.* at Prayer for Relief, ¶ viii.). The applicable statute of limitations for a UCL claim or a breach of warranty claim is four years. Cal. Bus. & Prof. Code § 17208 (UCL); *Kreiger v. Nick Alexander Imports, Inc.*, 234 Cal.App.3d 205, 213-14 (1991) (breach of warranty). From December 2, 2018, through the end of December 2022, the total California-wide retail sales for the Product exceed $1,900,000. Furthermore, the Complaint alleges a class of undefined (open-ended) duration and alleges that Defendant's allegedly wrongful practices are ongoing. Class periods commonly extend to the date of class certification. *See, e.g. Kang v. Credit Bureau Connection, Inc.*, No. 1:18-cv-01359, 2022 WL 658105, at *3 (E.D. Cal. 2022); *Cruz v. Dollar Tree Stores, Inc.*, No. 07-2050, 2009 WL 1974404, at *2 (N.D. Cal. July 2, 2009). In instances in which a class action is certified, the order of certification commonly (and typically) is not entered until well over a year after the Complaint is filed. Sales of the Product in California in 2023 are conservatively estimated to exceed $700,000. As noted, Plaintiff also seeks punitive damages on behalf of the putative class. In a case involving a claim for punitive damages under the CLRA, such as this case, it is

DEFENDANT PHARMAGANICS LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO
28 U.S.C. § 1332(d)

reasonable to assume that a punitive damages-to-compensatory damages ration of 1:1 or higher is at stake. *Greene*, 965 F.3d at 772.

16.     Plaintiff and his putative class also seek to recover attorneys' fees, which are available by statute under the CLRA. Compl., Prayer, ¶ x. "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794. "[T]he Ninth Circuit has established 25% as a benchmark award for attorneys' fees" in class actions. *Lopez v. First Student, Inc.*, 427 F. Supp. 3d 1230, 1238 (C.D. Cal. 2019); *accord Austin v. Foodliner, Inc.*, No. 16-CV- 07185-HSG, 2019 WL 2077851, at *6 (N.D. Cal. May 10, 2019). The attorneys' fees placed in controversy exceed $650,000.

17.     In addition, Plaintiff and her putative class seek injunctive relief, including but not limited to stopping the sales, compelling Defendant to "destroy all misleading and deceptive advertising materials and product labels, and to recall all offending Products" and "to conduct a corrective advertising campaign." Complaint, ¶¶ 20, 29, 30, 36, and Prayer for Relief. The amount in controversy includes "the costs of complying with an injunction." *Fritsch*, 899 F.3d at 793; *accord Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016) (district court did not err in finding amount in controversy satisfied where potential cost of complying with injunctive relief considered). The sweeping injunctive relief sought by Plaintiff would require substantial, costly efforts by Defendant. For example, Defendant would have to remove the product from shelves, warehouses and distribution centers. At a minimum, all inventory would have to be replenished in new packaging (including the costs of designing, preparing and producing new packaging), and additional costs would be incurred for a "corrective" advertising campaign if Plaintiff were to prevail on his claim for injunctive relief as pled. Considering the expense of complying with the requested injunctive relief, and coupling those expenses with compensatory damages/restitution, punitive damages, and attorneys' fees, Defendant alleges that the amount in controversy substantially exceeds $5 million.

18.    While Defendant denies it has any liability to Plaintiff or to the putative class, and denies that action will satisfy the requirements for class certification under Fed. R. Civ. P. 23, the amount in controversy is not a merits issue. In light of the damages, restitution, punitive damages, attorneys' fees and costs of complying with injunctive relief, the Complaint puts an amount in controversy in excess of $5,000,000.

19.    Accordingly, this Court has original subject matter jurisdiction pursuant to CAFA.

## CLASS MEMBERS ARE CITIZENS DIFFERENT STATES

20.    CAFA jurisdiction is met where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). That requirement is met here. Plaintiff alleges that he is a citizen of California. (Dkt. 1, ¶ 4.) Defendant is a limited liability company organized under the laws of Minnesota with its principal place of business in Minnesota. An LLC's citizenship in a CAFA action is determined by its state of organization and principal place of business. *Ferrell v. Express Check Advance of S.C. LLC*, 591 F.3d 698, 702-04 (4th Cir. 2010). Thus, there is minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

## EXCEPTIONS TO REMOVAL DO NOT APPLY

21.    This action does not fall within any exclusions to removal jurisdiction recognized by 28 U.S.C. § 1332(d)(3), (4), (9) or 28 U.S.C. § 1453(d).  Under § 1332(d)(3), a court may decline to exercise jurisdiction over a class action where "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed…" Here, because Plaintiff alleges a California-only class, greater than two-thirds of the members of the proposed class are citizens of California. Furthermore, Defendant is not a citizen of California. Therefore, this exclusion does not apply.

22.    28 U.S.C. § 1332(d)(4)(A) requires a district court to decline jurisdiction over a class action in which, among other things, "greater than two-thirds of the

members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed…[and] at least 1 defendant is a defendant…who is a citizen of the State in which the action was originally filed…" Similarly, § 1332(d)(4)(B) requires a district court to decline jurisdiction where "two-thirds or more of the members of all proposed classes in the aggregate, and the primary defendants, are citizens of the state in which the action was originally filed." Here, Defendant is a citizen of California, and therefore neither of these exceptions apply. The DOE defendants are disregarded for purposes of citizenship.

23.    In addition, this action does not fall within any of the other categorical exceptions under CAFA. *See* 28 U.S.C. § 1332(d)(9)(A), (B), and (C) (making exceptions for an action (1) "concerning a covered security"; (2) that relates to the internal affairs or governance of a corporation or other form of business enterprise"; (3) "that relates to the rights, duties (including fiduciary duties), and obligations related to or created by or pursuant to any security…"); *see also* 28 U.S.C. § 1453(d) (same exceptions).

### ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. § 1441(b)

24.    This Court also has jurisdiction over this case because there is diversity of citizenship between Plaintiff and the sole Defendant, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1441(b).

25.    Plaintiff is a citizen of California (Complaint, ¶ 4). As set forth above, Defendant is a citizen of Minnesota (*supra,* ¶ 20).

26.    The citizenship of the fictitious "DOE" defendants named in Plaintiff's Complaint must be disregarded for the purposes of determining diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1). Complete diversity of citizenship exists. *See* 28 U.S.C. § 1441(b).

27.    While Defendant disputes any liability to Plaintiff, Plaintiff's individual claims place in controversy a sum greater than $75,000. Plaintiff seeks a full refund of her purchase price. He also seeks to recover statutory attorneys' fees.

28.   As set forth previously, future attorneys' fees recoverable pursuant to a statute must be assessed when determining whether the amount in controversy has been met. *Fritsch*, 899 F.3d at 794; *see also Chavez*, 888 F.3d at 416; *Gonzales*, 840 F.3d at 648-49. Plaintiff's counsel will incur more than $75,000 in fees preparing the Complaint, taking discovery, depositions, and addressing motion practice directed at prosecuting Plaintiff's own individual claims, even without considering the fees related to class litigation. Many of the fees and costs associated with discovery into the merits of the case are the same regardless whether the case is pled as a class action or not. Furthermore, if Plaintiff's efforts to certify a class are unsuccessful, Plaintiff will incur more than $75,000 in fees he will seek to recover if this litigation progresses through trial. Accordingly, this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1441(b).

## ALL PROCEDURAL REQUISITES ARE SATISFIED

29.   28 U.S.C. § 1441(a) allows civil actions brought in state court to be removed the district court "embracing the place where such action is pending." The Complaint was filed and currently is pending in the Superior Court of the State of California for the County of Orange. This District is the proper venue for this action upon removal because it is the District that embraces the county where the state court action was pending.

30.   Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders are attached hereto as Exhibits 1 - 4.

31.   Defendant will promptly serve a notice of filing of removal, with a copy of the Notice of Removal annexed thereto, on Plaintiff's attorney and will file such notice with the Clerk of the Superior Court of the State of California for the County of Orange.

## CONCLUSION AND DEMAND FOR JURY TRIAL

32.    For the foregoing reasons, Defendant Pharmaganics LLC hereby removes this case from Superior Court of the State of California for the County of Orange to this United States District Court.

33.    Defendant Pharmaganics LLC hereby demands a jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues subject to a jury trial raised in the Complaint.

Dated:  January 17, 2023                    **AMIN TALATI WASSERMAN, LLP**


                                            **/s/ _William P. Cole_**
                                            William P. Cole


                                            *Attorney for Defendant Pharmaganics, LLC*

DEFENDANT PHARMAGANICS LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO
28 U.S.C. § 1332(d)

**EXHIBIT 1**

1    PACIFIC TRIAL ATTORNEYS
     A Professional Corporation
2    Scott J. Ferrell, Bar No. 202091
     sferrell@pacifictrialattorneys.com
3    Victoria C. Knowles, Bar No. 277231
     vknowles@pacifictrialattorneys.com
4    4100 Newport Place Drive, Ste. 800
     Newport Beach, CA  92660
5    Tel: (949) 706-6464
     Fax: (949) 706-6469
6
7    Attorneys for Plaintiff and the Class

8              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                        **COUNTY OF ORANGE**

10   PEDRO IBARRA, individually and on behalf of       Case No.   30-2022-01294748-CU-CR-CXC
     all others similarly situated,
11
                Plaintiff,
12
                v.                                      **CLASS ACTION COMPLAINT**
13
     PHARMAGENICS LLC, and DOES 1 through
14   10, inclusive,

15              Defendants.

Assigned for All Purposes
Judge Lon F. Hurwitz
cx-103

## I.    INTRODUCTION

Defendant sells a diet pill known as ""Dr. Stephanie's Carb & Sugar Blocker" (the "Product") by falsely claiming that it will cause meaningful and sustainable weight loss by disrupting the digestion of certain foods.  Defendant's claim is false: in fact, the United States Food and Drug Administration has warned that the efficacy claims related to the ingredients in the Product "are not supported by competent and reliable scientific evidence", "lack substantiation", and are "false and misleading."

As set forth below, Defendant has violated numerous California laws and should be required to stop falsely advertising the product, provide refunds to all consumers, and take other appropriate corrective and remedial actions.

## II.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over all causes of action asserted herein.

2.    Venue is proper in this Court because Defendant knowingly engages in activities directed at consumers in this County and engaged in the wrongful conduct alleged herein against residents of this County.

3.    Any out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

## III.    PARTIES

4.    Plaintiff is a resident and citizen of California.

5.    Defendant develops, manufactures, promotes, markets, distributes, and/or sells the Product to consumers in California.

6.    The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.      Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

8.      Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## IV.    FACTS

9.      On June 17, 2014, the United States Senate Subcommittee on Consumer Protection, Product Safety, and Insurance held a hearing titled Protecting Consumers from False and Deceptive Advertising of Weight-Loss Supplement Products.  In her opening statement, committee Chair Senator Claire McCaskill stated that "With so many Americans desperate for anything that might make it easier to lose weight, it's no wonder scam artists and fraudsters have turned to the $60-billion weight-loss market to make a quick buck."

10.     False advertising of weight-loss products is truly an epidemic. Government regulators are overwhelmed because "One out of ten fraud claims submitted to the FTC are, in fact, for weight-loss products." Indeed, Senator McCaskill stated that "the problem is much larger than any enforcement agency could possibly tackle on its own. Private stakeholders, companies that sell weight-loss products, media outlets, and other advertising platforms, as well as consumer watchdogs, must all do their part to help address this problem."

11.     Plaintiff is a consumer privacy advocate with dual motivations for purchasing the Product.  First, Plaintiff was genuinely interested in using the product as intended.  Second, Plaintiff is a "tester" who works to ensure that companies abide by the obligations imposed by California law.  As someone who advances important public interests at the risk of vile personal attacks, Plaintiff should be "praised rather than vilified."  *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 954 (7th Cir. 2006).

12.     In enacting the consumer protection statutes at issue, the California legislature chose to extend protections to all persons and consumers.  Indeed, these statutes are largely enforced by civic-minded "testers" such as Plaintiff.  See *Tourgeman v. Collins Fin. Servs.*, Inc., 755 F.3d 1109 (9th Cir.



erally discussing value and importance

s statutes).[1]

s that it is a "Carb and Sugar Blocker":



14.     In accompanying promotional and marketing materials, Defendant claims:

*"fights glucose spikes, carb absorption, sugar cravings, fat storage"*

---

[1]   Civil rights icon Rosa Parks was acting as a "tester" when she initiated the Montgomery Bus Boycott in 1955, as she voluntarily subjected herself to an illegal practice to obtain standing to challenge the practice in Court.   *See* https://www.naacpldf.org/press-release/ldf-pays-tribute-to-rosa-parks-on-the-sixtieth-anniversary-of-her-courageous-stand-against-segregation/  "(*Contrary to popular myth, Rosa Parks was not just a tired seamstress who merely wanted to sit down on a bus seat that afternoon. She refused to give up her seat on principle. Parks had long served as the secretary of the Montgomery branch of the NAACP [and] challenging segregation in Montgomery's transportation system was on the local civil rights agenda for some time.*")  (last downloaded November 2022).

*""helps block digestive enzyme that absorbs sugar""*

*""promotes healthy after-meal blood sugar levels""*

*""supports healthy insulin function""*

*""regulates sugar cravings""*

15.     The above-quoted statements are false, misleading, deceptive, and unlawful. Moreover, the above-quoted statements create express or implied warranties and Defendant has breached said warranties for the reasons described herein.

16.     Defendant's false claims convey that the Product is capable of helping consumers lose meaningful weight in a sustainable manner.  However, these claims, taken individually and especially in context of the label as a whole, are false and misleading.

17.     Within the class period, Plaintiff purchased the Product in California based partly upon the above-referenced efficacy claims. Plaintiff used the Product as directed but did not experience any of the benefits promised by the Product.

18.     Numerous randomized, placebo controlled scientific studies demonstrate that the ingredients in the Product do not provide any meaningful and sustainable weight management benefits in humans when taken as directed and at safe levels. Indeed, the United States Food and Drug Administration has warned that the efficacy claims related to the ingredients in the Product "are not supported by competent and reliable scientific evidence", "lack substantiation", and are "false and misleading."

19.     On information and belief, Defendant makes the false and misleading efficacy claims by purporting to rely on one or more knowingly flawed or discredited clinical trials.  This is because most clinical trials of dietary supplements have flawed methodology that renders them useless in determining the real value of the studied ingredients, leading to conclusions that lack scientific meaning,      are      inaccurate,      and      defy      overwhelming      contrary      evidence.      See

1    https://www.biospace.com/article/most-vitamin-studies-flawed-oregon-state-university-researcher-

2    reveals-/ (last downloaded November 2022).

3                              **V.    CLASS ALLEGATIONS**

4         20.    Plaintiff brings this action individually and on behalf of all others similarly situated (the

5    "Class") defined as follows:

6              **All persons who purchased the Product in California for personal use**

7              **during the Class Period.**

8         A.    <u>NUMEROSITY</u>: Plaintiff does not know the number of Class Members but believes the

9    number to be in the thousands, if not more. The exact identities of Class Members may be ascertained

10   by the records maintained by Defendant and its authorized retailers.

11        B.    <u>COMMONALITY</u>: Common questions of fact and law exist as to all class members,

12   and predominate over any questions affecting only individual members of the Class.  Such common

13   legal and factual questions, which do not vary between Class members, and which may be determined

14   without reference to the individual circumstances of any Class Member, include but are not limited to

15   the following:

16      i.    Whether Defendant breached any express warranties made to Plaintiff and the Class;

17      ii.    Whether Defendant breached any implied warranties made to Plaintiff and the Class;

18      iii.    Whether Defendant engaged, and continues to engage, in unfair or deceptive acts and

19             practices in connection with the marketing, advertising, and sales of the Product;

20      iv.    Whether Defendant violated other consumer protection statutes, false advertising statutes,

21             or state deceptive business practices statutes;

22      v.    The proper amount of restitution, damages, and punitive damages; and

23      vi.    The proper injunctive relief, including a corrective advertising campaign.

24        C.    <u>TYPICALITY</u>: As a person who purchased the product for personal use and used it as

25   directed, Plaintiff is asserting claims that are typical of the Class.

26        D.    <u>ADEQUACY</u>: Plaintiff will fairly and adequately protect the interests of the members

27   of The Class. Plaintiff has retained attorneys experienced in the class action litigation.  All individuals

28

1   with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion

2   would otherwise be improper are excluded.

3       E.      SUPERIORITY: A class action is superior to other available methods of adjudication

4   because individual litigation of the claims of all Class Members is impracticable and inefficient.  Even

5   if every Class Member could afford individual litigation, the court system could not.  It would be

6   unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Violations of the Unfair Competition Law,

### Cal. Bus. & Prof. Code §§ 17200 et seq.

11      21.     California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et

12  seq., proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act

13  or practice and unfair, deceptive, untrue or misleading advertising.

14      22.     The acts alleged herein are ''unlawful'' under the UCL in that they violate at least the

15  following laws:

16      i.      By knowingly and intentionally concealing from Plaintiff and the other Class members that

17              the Product cannot provide the advertised weight management or weight-loss benefits

18              while obtaining money from Plaintiff and the Classes;

19      ii.     By misrepresenting the nature of the Product and the Product's effectiveness at providing

20              the weight management and weight-loss benefits;

21      iii.    By engaging in the conduct giving rise to the claims asserted in this complaint;

22      iv.     By violating California Civil Code §§ 1709-1711 by making affirmative

23              misrepresentations about the Product;

24      v.      By violating California Civil Code §§ 1709-1711 by suppressing material information

25              about the Product;

26      vi.     By violating the California Commercial Code for breaches of express and implied

27              warranties.

28      vii.    By violating Cal. Bus. & Prof. Code § 12606.2 and 21 C.F.R. § 100.100;

viii.   By violating the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq.;

ix.   By violating the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq.;

x.   By violating the California Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code §§ 110100 et seq.

23.   Such conduct is ongoing and continues to this date.

**SECOND CAUSE OF ACTION**

**Violations of the False Advertising Law,**

**Cal. Bus. & Prof. Code §§ 17500 et seq.**

24.   Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

25.   The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement ''which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

26.   As alleged herein, the advertisements, labeling, policies, acts, and practices of Defendant relating to the advertising of the Product are untrue and misleading.

27.   Plaintiff has standing to pursue this claim as Plaintiff suffered injury in fact as a result of Defendant's actions as set forth herein. Specifically, prior to the filing of this action, Plaintiff purchased the Product in reliance on Defendant's false and misleading labeling claims that the Product, among other things, aids in weight management.

28.   Defendant profited from its sale of the falsely and deceptively advertised Product to unwary consumers.

29.   As a result, Plaintiff, the Class, and the general public are entitled to public injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

30.     Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff, on behalf of themselves and the Class, seek an order enjoining Defendant from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

### THIRD CAUSE OF ACTION

### Violations of the Consumer Legal Remedies Act,

### Cal. Civ. Code §§ 1750 et seq.

31.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

32.     The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

33.     Defendant's false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Product for personal, family, or household purposes by Plaintiff and Class Members, and violated and continue to violate the following sections of the CLRA:

i.     § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have; and

ii.    § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

34.     Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Product to unwary consumers.  Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

35.     Pursuant to §1782 of the CLRA, by this Complaint Plaintiff has notified Defendant in writing of the particular violations of §1770 of the CLRA and demanded that Defendant rectify the actions described above by providing monetary relief, agreeing to be bound by its legal obligations, and giving notice to all affected customers of its intent to do so.

36.     If Defendant does not comply within 30 days, this Complaint shall be deemed to include a request for monetary damages as set forth herein.   Until such time, this Complaint seeks

only injunctive relief for Defendant's violations of the CLRA and not damages under §§ 1770 and 1782.

## FOURTH CAUSE OF ACTION

### Breach of Express Warranties,

### Cal. Com. Code § 2313(1)

37.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

38.     Through the Product's label and advertising, Defendant made affirmations of fact or promises, or description of goods, described above, which were "part of the basis of the bargain," in that Plaintiff and the Class purchased the Product in reasonable reliance on those statements. Cal. Com. Code § 2313(1).

39.     The foregoing representations were material and were a substantial factor in causing the harm suffered by Plaintiff and the Class because they concerned alleged efficacy of the Product regarding the ability to aid with weight management.

40.     These representations had an influence on consumers' decisions in purchasing the Product.

41.     Defendant made the above representations to induce Plaintiff and the members of Class to purchase the Product. Plaintiff and the Class members relied on the representations when purchasing Defendant's product.

42.     Defendant breached the express warranties by selling a Product that does not and cannot provide the promised benefits.

43.     That breach actually and proximately caused injury in the form of the lost purchase price that Plaintiff and Class members paid for the Product.

## FIFTH CAUSE OF ACTION

### Breach of Implied Warranties,

### Cal. Com. Code § 2314

44.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

45.     Defendant, through its acts and omissions set forth herein, in the sale, marketing, and promotion of the Product, made representations to Plaintiff and the Class that, among other things, the Product would aid in weight management.

46.     Plaintiff and the Class bought the Product manufactured, advertised, and sold by Defendant, as described herein.

47.     Defendant is a merchant with respect to the goods of this kind which were sold to Plaintiff and the Class, and there was, in the sale to Plaintiff and other consumers, an implied warranty that those goods were merchantable.

48.     However, Defendant breached that implied warranty in that the Product does not aid in weight management.

49.     As an actual and proximate result of Defendant's conduct, Plaintiff and the Class did not receive goods as impliedly warranted by Defendant to be merchantable in that it did not conform to promises and affirmations made on the container or label of the goods nor is it fit for its ordinary purpose, aiding in weight management.

50.     Plaintiff and Class have sustained damages as a proximate result of the foregoing breach of implied warranty in the amount of the Product's purchase price.

## VII.    PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself, all others similarly situated, and the general public, pray for judgment against Defendant as to each and every cause of action, including:

i.      An order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(1), 23(b)(2), and/or 23(b)(3);

ii.     An order maintaining this action as a class action and/or an order maintaining a particular issue class action pursuant to Federal Rule of Civil Procedure 23(c)(4);

iii.    An order requiring Defendant to bear the costs of class notice;

iv.     An order appointing Plaintiff as the class representatives and Pacific Trial Attorneys as Class Counsel;

v.      An order compelling Defendant to conduct a corrective advertising campaign;

vi. An order compelling Defendant to destroy all misleading and deceptive advertising materials and product labels, and to recall all offending Products;

vii. An order awarding disgorgement of Defendant's profits that were obtained from its ill-gotten gains in connection with its sales of the Product to Plaintiff and the class members;

viii. An order awarding restitution in the amount of the purchase price paid by the class members for the Product;

ix. An award for punitive damages;

x. An award of attorneys' fees and costs; and

xi. An order providing for all other such further relief as may be just and proper.

Dated: December 2, 2022     PACIFIC TRIAL ATTORNEYS, APC

By: _____
Scott. J. Ferrell
Attorneys for Plaintiff

**EXHIBIT 2**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PHARMAGENICS LLC, a Minnesota limited liability company, and
DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PEDRO IBARRA, individually and on behalf of all others similarly
situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>751 West Santa Ana Blvd., Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>30-2022-01294748-CU-CR-CXC<br><br>Judge Lon F. Hurwitz |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar # 202091) / Victoria C. Knowles (Bar # 277231)
PACIFIC TRIAL ATTORNEYS, APC      Phone No.: (949) 706-6464
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660

DATE: 12/02/2022    DAVID H. YAMASAKI, Clerk of the Court    Clerk, by    *G. Ramirez*    , Deputy
*(Fecha)*                                                 *(Secretario)*                           *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

     under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
              ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
              ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
              ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
*LexisNexis® Automated California Judicial Council Forms*

**EXHIBIT 3**

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Scott J. Ferrell (Bar #202091) / Victoria C. Knowles (Bar # 277231)<br>PACIFIC TRIAL ATTORNEYS, A Professional Corporation<br>4100 Newport Place Drive, Suite 800,  Newport Beach, CA 92660<br>TELEPHONE NO.: (949) 706-6464       FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff and the Class | *FOR COURT USE ONLY* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 751 West Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA  92701
BRANCH NAME:

CASE NAME:
Ibarra v. Pharmagenics LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>30-2022-01294748-CU-CR-CXC |
|---|---|---|---|---|
| [X] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] **Counter**   [ ] **Joinder**<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Lon F. Hurwitz<br>DEPT: CX-103 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [X] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is   [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties          d. [ ] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel      e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve                  in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence              f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Five (5)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: December 2, 2022

Scott J. Ferrell
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**    *LexisNexis® Automated California Judicial Council Forms*

**EXHIBIT 4**

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CIVIL COMPLEX CENTER**

**MINUTE ORDER**

DATE: 12/22/2022                TIME: 09:54:00 AM              DEPT:  CX103

JUDICIAL OFFICER PRESIDING:   Under the Direction of Lon F. Hurwitz
CLERK: M. Diaz
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: . None

CASE NO: **30-2022-01294748-CU-CR-CXC**    CASE INIT.DATE: 12/02/2022
CASE TITLE: **Ibarra vs. Pharmagenics LLC, a Minnesota limited liability company**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Civil Rights

EVENT ID/DOCUMENT ID: 73912445
**EVENT TYPE:** Chambers Work

**APPEARANCES**

There are no appearances by any party.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 and 3.400:  Case is Complex.

Each party who has not paid the Complex fee of $ 1,000.00 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

**The Case Management Conference is scheduled for 04/19/2023 at 01:30 PM in Department CX103.**

CASE MANAGEMENT CONFRERENCE:
Plaintiff shall, at least **5 days before the hearing**, file with the Court and serve on all parties of record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the Court should be aware. Other parties who think it necessary may also submit similar summaries three court days prior to the hearing. DO NOT use the CMC (Case management Statement) form used for non-complex cases (Judicial Council Form CM-110).

ELECTRONIC FILING:
This case is subject to **mandatory electronic filing** pursuant to Superior Court Rules, County of Orange, Rule 352 and mandatory electronic service by order of this Court. Plaintiff shall give notice of the Status Conference and the electronic filing and service requirement to all parties of record or known to plaintiff and shall attach a copy of this minute order.

PROPOSED ORDERS:

CASE TITLE: Ibarra vs. Pharmagenics LLC, a Minnesota limited liability company

CASE NO: **30-2022-01294748-CU-CR-CXC**

All **proposed orders** (including those submitted pursuant to stipulation) must be submitted in 2 electronic formats. One copy is to be filed in Word (without attachments), and another copy in.pdf format with all attachments/exhibits attached to it. Failure to follow this rule may result in the proposed order not being brought to the attention of the Court in a timely fashion. Ensure that the proposed order is identified as a "Proposed Order".

BOOKMARKING:
Bookmarking of exhibits to motions and supporting declarations - **The court requires strict compliance with CRC, rule 3.1110 (f) (4)** which requires electronic exhibits to include electronic bookmarks with the links to the first page of each exhibit, and with bookmarked titles that identify the exhibit number or letter and briefly describe the exhibit. CRC, rule 3.1110 (f) (4).

The court may continue a motion that does not comply with rule 3.1110 (f) (4) and require the parties to comply with that rule before resetting the hearing.

Additional departmental information may be obtained by visiting the Court's website at:

CIVIL COMPLEX GUIDELINES –
http://www.occourts.org/directory/civil/complex-civil/department-guidelines.pdf

Complex Civil Courtroom Schedule - GUIDELINES FOR CX103–
http://www.occourts.org/directory/civil/complex-civil/calendar-schedule/guidelines_CX103.html

CIVIL TENTATIVE RULINGS –
http://www.occourts.org/directory/civil/tentative-rulings/

Court orders clerk to give notice.
Plaintiff is to give notice to any party not listed on the Clerk's Certificate of Mailing/Electronic Service and is to file a Proof of Service.